**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: December 20 2019

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 18-33999 |
| Everett L. Mattox | Chapter 7 |
| Debtor. | Adv. Pro. No. 19-03015 |
| | JUDGE MARY ANN WHIPPLE |
| AmeriCredit Financial Services, Inc. dba GM Financial | |
| Plaintiff, | |
| v. | |
| Everett L. Mattox | |
| Defendant. | |

## MEMORANDUM OF DECISION AND ORDER

This adversary proceeding is before the court on Plaintiff's "Complaint to Determine Dischargeability of a Debt" ("Complaint") [Doc. # 1]. Defendant is the debtor in underlying Chapter 7 Case No. 18-33999 in this court. No attorney has entered an appearance on his behalf in this adversary proceeding. Plaintiff is a creditor of the Defendant.

On April 24, 2019, the Clerk issued a summons and notice of pretrial [Doc. # 2]. The return of service [Doc. # 3] shows the summons and Complaint were timely and properly served on Defendant. The summons required an answer or other response to the Complaint to be filed by May 24, 2019.

On May 30, 2019, the court held a pre-trial scheduling conference as set in the summons served with the Complaint. Attorney for the Plaintiff appeared at the scheduling conference by telephone, but there was no appearance by or on behalf of the Defendant. [*See* Doc. ## 4, 5, 8]. Also, no answer or other response to the Complaint was filed and served by the May 24, 2019, deadline or otherwise. The Clerk, therefore, entered Defendant's default. [Doc. ## 6,7]. The default has not been set aside or requested to be set aside.

Plaintiff filed its motion for default judgment on June 6, 2019. [Doc. # 9]. The motion was served by first class mail on Defendant at the address set forth in his bankruptcy petition. The court scheduled a hearing on the motion, notice of which was also served on Defendant at the address listed in his petition. [Doc. ## 13, 16].

The court held the first hearing on the motion on June 27, 2019. [Doc. ## 10, 11]. The hearing was adjourned so that Plaintiff could sell the truck and liquidate its alleged damages. On December 19, 2019, the court held the final hearing on the motion. [Doc. ## 16, 17]. Counsel for Plaintiff appeared by telephone at both hearings. There was no appearance by or on behalf of Defendant at either hearing. Review of the record reflects no answer or other response to the Complaint or motion has ever been filed. Plaintiff provided information from the Department of Defense Manpower Data Center as an exhibit to the motion showing Defendant is not in the military service of the United States, thereby complying with the Servicemembers Civil Relief Act. Therefore, pursuant to Fed. R. Civ. P. 55, made applicable by Fed. R. Bankr. 7055, Plaintiff's motion for default judgment will be **GRANTED**.

The legal basis for the Complaint is 11 U.S.C. § 523(a)(2)(a), which provides that a debt incurred under certain circumstances involving fraud shall be excepted from a debtor's bankruptcy discharge. The debt at issue arises from Defendant's purchase of a 2013 Chevrolet Silverado on the eve of his bankruptcy filing. Defendant's purchase of the truck was financed by Plaintiff. Defendant immediately defaulted and never made any of the installment payments due on the loan. A deficiency balance exists after Plaintiff's ensuing sale of the truck.

The district court has jurisdiction over the Debtor's underlying Chapter 7 bankruptcy case and this adversary proceeding. 28 U.S.C. § 1334. The Chapter 7 case and all related proceedings, including this adversary proceeding, have been referred to this court for decision. 28 U.S.C. § 157(a) and General Order 2012-7 entered on April 4, 2012 by the United States District Court for the Northern District of Ohio. This adversary proceeding is a core proceeding in which this court can make a final determination because it involves a determination as to the dischargeability of a particular debt. 28 U.S.C. § 157(b)(2)(I).

The court finds that notice, including the service of the summons and Complaint pursuant to Fed. R. Civ. P. 7004(b) and Fed. R. Civ. P. 4(e)(2)(A) incorporated therein, has been duly and properly served upon Defendant at all stages of this adversary proceeding and in the underlying Chapter 7 case. No mail to Defendant from the court to the address set forth by Defendant in his Chapter 7 petition and as specified in the Complaint has been returned. The court, therefore, finds that Defendant has failed to plead or otherwise defend this action as required by the applicable rules of procedure.

Defendant's failure to answer the complaint does not, standing alone, entitled Plaintiff to a default judgment as a matter of right. *American Express Centurion Bank v. Truong (In re Truong)*, 271 B.R. 738, 742 (Bankr. D. Conn. 2002); *Webster v. Key Bank (In re Webster)*, 287 B.R. 703, 709 (Bankr. N.D. Ohio 2002); *Columbiana County Sch. Emples. Credit Union v. Cook (In re Cook)*, 342 B.R. 384, at *3 (B.A.P. 6th Cir. 2006)(unpublished). In determining whether a default judgment is appropriate, "the court should [accept] as true all of the factual allegations of the complaint, except those relating to damages" and afford plaintiff "all reasonable inferences from the evidence offered." *Au Bon Pain Corp. v. Artect, Inc., Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). Yet the court must decide whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Smith v. Household Fin. Realty Corp. of New York (In re Smith)*, 262 B.R. 594, 597 (Bankr. E.D.N.Y. 2001). Where the claim sounds in fraud, the court must evaluate the evidence presented to assure that the plaintiff has presented a prima facie case. *In re Truong*, 271 B.R. at 742. In this case, the detailed and well pleaded factual allegations of the Complaint, including authenticating exhibits thereto substantiate and establish a cause of action against Defendant.

Plaintiff relies on § 523(a)(2)(A) of the Bankruptcy Code, as follows, in contending the Defendant incurred a debt to it that should be excepted from his discharge:

3

> A discharge under section 727 of this title does not discharge an individual debtor from any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud.

For purposes of § 523(a)(2)(A), "false representations and false pretenses encompass statement that falsely purport to depict current or past facts," *Peoples Sec. Fin. Co., Inc. v. Todd (In re Todd)*, 34 B.R. 633, 635 (Bankr. W.D. Ky. 1983), with a "'false representation' . . . [being] an express misrepresentation," *Ozburn v. Moore (In re Moore)*, 277 B.R. 141, 148 (Bankr. M.D. Ga. 2002) (quoting *Sears Roebuck & Co. v. Faulk (In re Faulk)*, 69 B.R. 743, 750 (Bankr. N.D. Ind. 1986).) In addition, § 523(a)(2)(A) also addresses "actual fraud" as a concept broader than misrepresentation. *See McClellan v. Cantrell*, 217 F.3d 890 (7th Cir. 2000); *Mellon Bank, N.A. v. Vitanovich (In re Vitanovich)*, 259 B.R. 873 (B.A.P. 6th Cir. 2001). "Actual fraud has been defined as intentional fraud, consisting in deception practiced to induce another to part with property or to surrender some legal right, and which accomplishes the end designed. It requires intent to deceive or defraud." *Vitanovich*, 259 B.R. at 877 (quoting *Gerad v. Cole (In re Cole)*, 164 B.R. 951, 953 (Bankr. N.D. Ohio 1993)).

In order to except a debt from discharge under § 523(a)(2)(A), a creditor must prove the following elements: (1) the debtor obtained money, property, services or credit through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) the creditor's reliance was the proximate cause of the loss. *Rembert v. AT&T Universal Card Services, Inc. (In re Rembert)*, 141 F.3d 277, 280-81 (6th Cir. 1998).

A debtor's intent to defraud a creditor under § 523(a)(2)(A) is measured by a subjective standard and must be ascertained by the totality of the circumstances of the case at hand. *Id*. A finding of fraudulent intent may be inferred on the basis of circumstantial evidence or from the debtor's "course of conduct," as direct proof of intent will rarely be available. *Hamo v. Wilson (In re Hamo)*, 233 B.R. 718, 724 (B.A.P. 6th Cir. 1999).

In addition to the Complaint, Plaintiff has submitted the Affidavit of Counsel Attesting to Default, the Affidavit of Plaintiff's Bankruptcy Representative, a June 3, 2019 letter from Plaintiff to the Defendant regarding the payoff amount, the Affidavit of Counsel attesting to the fee invoice

along with an itemization, an Affidavit of Counsel attesting to Defendant's Military Status, and an Affidavit of Counsel attesting to Minor and Incompetency Status. [Doc. # 9, pp. 4-19]. Having reviewed the well-pleaded averments of the Complaint, as substantiated by the aforementioned documents, the court finds Plaintiff has stated a valid cause of action under § 523(a)(2)(A). Specifically, the Defendant signed a retail installment sales contract on November 8, 2018, for a 2013 Chevrolet Silverado less than two months before he filed his Chapter 7 bankruptcy petition. It is undisputed that Debtor made no payments on the vehicle loan per the terms of the contract and that pursuant to his Statement of Intention, he indicated his immediate intent to surrender the vehicle. The Defendant also does not dispute the allegation that he did not intend to pay Plaintiff per the terms of the contract at the time he executed the contract. While a mere breach of contract will not support a finding of fraud, "any debtor who does not intend to perform a contract from its inception has knowingly made a false representation." *Stifter v. Orsine (In re Orsine),* 254 B.R. 184, 188 (Bankr. N.D. Ohio 2000); *Whitcomb v. Smith (In re Smith)*, 572 B.R. 1, 16 (B.A.P. 1st Cir. 2017). Thus, in the absence of evidence to the contrary, the course of Defendant's conduct and the overall factual circumstances alleged in the Complaint and the supporting documents establish that the Defendant acted with the requisite fraudulent intent in entering into the loan agreement with Plaintiff. Plaintiff has therefore established the Defendant incurred a debt that is non-dischargeable under § 523(a)(2)(A).

Plaintiff seeks that the payoff balance of the debt after a foreclosure sale of the vehicle be declared non-dischargeable, specifically, $12,665.13, pursuant to the Plaintiff's Report of Post-Sale Deficiency Balance. [Doc. # 18]. The Sixth Circuit authorizes bankruptcy courts to enter money judgments in actions seeking to except debts from discharge. *Longo v. McLaren (In re McLaren)*, 3 F.3d 958, 966 (6th Cir. 1993). As the Plaintiff has established the payoff amount as reflected in the post-sale deficiency balance, the court will also enter a money judgment for this amount.

Based on the foregoing reasons and authorities, Plaintiff's Motion for Default Judgment [Doc. # 9], is hereby **GRANTED**. A separate, final judgment against Defendant in accordance with this Memorandum of Decision and Order shall be entered by the Clerk.

**IT IS SO ORDERED**.